# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES,<br><br>        Petitioner,<br><br>  v.<br><br>MATTHEW CATE,<br><br>        Respondent.<br>_____/ | 1:12-CV-00622 AWI GSA HC<br>1:10-CV-00068 AWI BAM HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION<br>[Doc. #16]<br><br>ORDER CONSTRUING PETITION AS A MOTION TO AMEND<br>[Doc. #1]<br><br>ORDER REOPENING CASE NO. 1:10-CV-00068 AWI BAM HC<br><br>ORDER DIRECTING CLERK OF COURT TO FILE DOC. #1 IN CASE NO. 1:10-CV-00068 AWI BAM HC AS A MOTION TO AMEND<br>[Doc. #1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 3, 2012, the instant petition was dismissed as a second or successive petition. On September 4, 2012, Petitioner filed the instant motion for relief from judgment pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner argues the instant petition should not be considered a second or successive petition, but rather as a motion to amend the petition in the previous case of 1:10-CV-00068 AWI BAM HC. Petitioner cites to Woods v. Carey, 525 F.3d 886 (9th Cir.2008), which held that a petition filed before a prior petition has been adjudicated should be considered a motion to amend the prior petition rather than a second or successive petition. Petitioner's argument is persuasive. The instant petition should and will be construed as a motion to amend the petition in the prior case. The Court notes that the expending of considerable time and resources could have been avoided had Petitioner placed his case number in the caption and titled it as a motion to amend the previous petition, rather than submitting a new petition to the Court and then failing to alert the Court of the issue until the instant case had been terminated.

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for reconsideration is GRANTED;

2) The petition for writ of habeas corpus is CONSTRUED as a motion to amend the petition in Case No. 1:10-CV-00068 AWI BAM HC;

3) The Clerk of Court is DIRECTED to re-open Case No. 1:10-CV-00068 AWI BAM HC;

4) The Clerk of Court is DIRECTED to file the petition (Doc. #1) in this case as a motion to amend in Case No. 1:10-CV-00068 AWI BAM HC;

5) The matter of Case No. 1:10-CV-00068 AWI BAM HC is REFERRED BACK to the Magistrate Judge for consideration of the motion to amend the petition;[1] and

6) This matter (Case No. 1:12-CV-0622 AWI GSA HC) remains CLOSED.

IT IS SO ORDERED.

Dated: October 26, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The parties are advised that the motion to amend the petition should be considered filed as of April 17, 2012, the date Petitioner signed the proof of service, pursuant to the mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).